Davis, J.,
delivered the opinion of the court:
Section 715 of the Revised Statutes of the. United States provides as follows:
£í The circuit and district courts may appoint criers for their courts, to be allowed the sum of two dollars per day; and the marshals may appoint such a number of persons, not exceeding five, as the judges of their respective courts may determine to attend upon the grand and other juries, and for other ncessary purposes, who shall be allowed for their services the sum of two dollars per day, to be paid by and included in the accounts of the marshal out of any money of the United States in his hands. Such compensation shall be paid only for actual attendance, and, when both courts are in session at the same time, only for attendance on one court.”
*405 Under this section plaintiff received an appointment as one of “ tbe number of persons not exceeding five * * * to attend upon the grand and other juries, and for other necessary purposes,” and has been paid for such services at the statutory rate for the days during which the court was in session. He now claims compensation for other days when he was employed in waiting on the officers and attorneys of the court in taking charge of the grand and petit juries, in looking after and taking charge of the court-rooms and the clerks’ offices, in sweeping out the court-rooms and other offices, in running errands of an official nature between the officers of the court and the attorneys, and in doing other work of the same general character. This contention is based upon the clause providing compensation for “ other necessary purposes.” This clause should be construed in connection with the principal definition of his duties — that is, “ attendance upon the grand and other juries.” For time occupied necessarily in performance of duties incident to attendance upon these juries, or of duties similar in their nature and kind to attendance on juries, plaintiff would be entitled to compensation. The duties óf a janitor or messenger are entirely different in character from those contemplated by this section of the Revised Statutes, and for time employed in their performance plaintiff should not be compensated. H'is duties were in their essence those of a bailiff, although he is not given that title; they were not the duties of a laborer or messenger.
We do not understand that recovery can be had for those days only when the court was in session. The statute does not impose this limitation; it forbids double pay when both courts are in session, and demands “ actual attendance ” — that is, attendance in the case of the plaintiff upon the juries, or attendance in the performance of other necessary duties similar in kind. Usually the court would be in session at such times, but on the other hand the grand jury might be in session when the court was not. It is not the session of the court which determines plaintiff’s rights, but actual attendance in the performance of- the duties imposed upon him by law. It does not appear whether he was so in attendance upon the juries or otherwise upon any day when the court was not in session.
Holding this view of the case, we do not consider the point made as to the phraseology of the orders of court and the marshal under which plaintiff acted.
Petition dismissed.